## GEORGE HOLLINGSWORTH V. THE STATE.

No. 23785. Delivered November 12, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant was charged by indictment under Article 802c, Ver. Ann. P. C., with unlawfully driving and operating a motor vehicle upon a public highway of this state while intoxicated, and did then and there, in the execution of said unlawful act, through mistake and accident kill Glen Edward Gartner, Jr., by then and there driving said automobile into and causing it to collide with and strike Glen Edward Gartner, Jr.

The statement of facts in this case, according to the certificate of the presiding judge of the court, shows that notice of appeal was given April 11, 1947, and the statement of facts was presented to the trial court for approval on August 7, 1947, more than ninety days after notice of appeal was given. Hence, the same cannot be considered by this court. Appellant filed a motion for continuance which was overruled but no exception was taken thereto. He then filed a motion to first try the case of the State of Texas v. Roy Winfrey who was separately charged by indictment with being an accessory after the fact,

an offense growing out of the same transaction. This motion was also overruled and no exception taken. Hence, the same cannot be considered.

In view of the fact that the statement of facts was not presented to the trial court for approval until long after the period of time in which the same might be filed had expired, this Court is not authorized to consider the same, and his complaint relating to the court's action in declining to submit to the jury his specially requested charge cannot be reviewed.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.